MEMORANDUM **
Hendra, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order affirming an immigration judge’s decision denying his application for withholding of removal and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims, Ibarra-Flores v. Gonzales, 439 F.3d 614, 620 (9th Cir.2006), and review for substantial evidence for factual findings, Wakkary v. Holder, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.
Substantial evidence supports the agency’s finding that Hendra failed to establish he suffered harm that rose to the level of past persecution on account of his Chinese ethnicity. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003). Even as a member of a disfavored group, and even if credible regarding his religious claim, Hendra did not demonstrate the requisite individualized risk of persecution to establish clear probability of future persecution. See id. at 1184-85; see Wakkary, 558 F.3d at 1066 (“An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail[.]”). Accordingly, substantial evidence supports the agency’s denial of withholding of removal.
Substantial evidence also supports the agency’s denial of CAT relief because Hendra failed to establish a likelihood of torture in Indonesia. See Wakkary, 558 F.3d at 1068.
Finally, Hendra’s due process claims fail because he has not established prejudice. See Ortiz v. INS, 179 F.3d 1148, 1153 (9th Cir.1999).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.